United States District Court
District of Rhode Island

| | | |
|---|---|---|
| David O'Connell, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case no. 1:20-cv-00031-WES-PAS |
| United States Conference of Catholic Bishops, | § § § | Class Action |
| Defendant. | § § | |

**Response to Defendant's Motion to Dismiss, and Memorandum of Law in Support of Plaintiff's Cross-Motion to Transfer Venue**

Defendant United States Conference of Catholic Bishops ("USCCB") moved to dismiss, challenging venue and personal jurisdiction. After reviewing USCCB's motion and supporting declaration, Plaintiff is persuaded that venue and jurisdiction are proper in the District of Columbia, where USCCB is based. But there is no reason for the Court to dismiss the case. Under these circumstances, the Court should simply transfer the case to the District of Columbia.

1. **USCCB objects only to proceeding in Rhode Island**

David O'Connell, who lives in East Providence, filed this proposed national class action on January 22, 2020. *See generally* Complaint [Doc. 1]. The gravamen of his complaint is that USCCB advertises the Peter's Pence Collection to American Catholics as a way to help those around the world in urgent need of relief from war, disease, and famine—but 90% of the millions donated each year ends up invested in unrelated purposes like swanky real estate, European hedge funds, and Hollywood films, as

revealed by reporting from internal Vatican sources. *See id.* [Doc. 1] ¶¶ 2-5, 27-30. In 2018, Mr. O'Connell made a cash donation to Peter's Pence at Sacred Heart Church in East Providence, Rhode Island during a Sunday mass after hearing a standard, USCCB-scripted solicitation from the pulpit. *See id.* [Doc. 1] ¶¶ 5, 34.

As to jurisdiction and venue, Mr. O'Connell alleges that USCCB promotes and oversees Peter's Pence all over the country, including in Rhode Island where he was solicited and where he contributed. *See id.* [Doc. 1] ¶¶ 10-11. He further alleges that venue is proper here because a substantial part of the events giving rise to his claims happened in this district. *See id.* [Doc. 1] ¶ 7.

On February 13, 2020, USCCB filed a motion to dismiss, exclusively challenging personal jurisdiction and venue. *See generally* Motion [Doc. 7]. The gravamen of USCCB's motion is that it is based in Washington, D.C., where it prepares and distributes all the standardized solicitation materials for Peter's Pence, and that the events giving rise to the claims took place in Washington, D.C., not Rhode Island. *See* Memorandum [Doc. 7-1] at 1-2; *see also id.* at 17 ("The fact remains that the USCCB is incorporated in and conducts virtually all of its activities in Washington, D.C. Everything that the USCCB did in relation to the Peter's Pence Collection, it did in Washington D.C.").

Indeed, USCCB all but concedes that the Court should transfer the case to the District of Columbia, where there would inarguably be personal jurisdiction and proper venue: "[T]he judicial system's interest in obtaining the most effective resolution of the controversy […] and the common interests of all sovereigns […] will be served by having any claims against the USCCB based on the Peter's Pence Collection brought in the jurisdiction where USCCB is domiciled and headquartered, Washington, D.C."

2

Memorandum [Doc. 7-1] at 18. But the only relief USCCB requests is dismissal, not transfer. *See* Memorandum [Doc. 7-1] at 19.

### 2.    The law and the interests of justice warrant a transfer to DC

After reviewing USCCB's motion, Mr. O'Connell now recognizes that this case can and should proceed in the District of Columbia, where the key documents and witnesses are likely to be found. Through counsel, he offered to stipulate to a transfer to the District of Columbia, but USCCB maintains that dismissal is the proper procedure and, thus, it will not agree.

This Court recently addressed a similar situation in *DeBarros v. Family Practice Group, P.C.*, No. 19-367 WES, 2019 WL 4888638 (D.R.I. Oct. 3, 2019). The defendant moved to dismiss for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and (3), just as USCCB does here. *Compare DeBarros*, 2019 WL 4888638, at *1 *with* Motion [Doc. 7] at 1. Plaintiff DeBarros responded with a motion to transfer venue to Massachusetts, where the defendant argued all relevant events occurred. *DeBarros*, 2019 WL 4888638, at *1.

In transferring the case to Massachusetts, Magistrate Judge Sullivan concisely summarized First Circuit law on this issue, which (pursuant to 28 U.S.C. § 1631) "establish[es] a presumption in favor of transfer, rather than dismissal, when the forum court lacks personal jurisdiction." *DeBarros*, 2019 WL 4888638, at *2 (citing *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 213-14 (D. Mass. 2019); *Federal Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 119 (1st Cir. 2016), *abrogated on other grounds*, *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017)). Thus, if the court finds jurisdiction lacking, it should transfer a case in

the interest of justice to any other court where it could have been filed. *DeBarros*, 2019 WL 4888638, at *2 (citing 28 U.S.C. § 1631). And the Supreme Court opinion in *Goldlawr, Inc. v. Heiman* (also cited in *DeBarros*) makes clear that (pursuant to 28 U.S.C. § 1406(a)) a court may transfer a case to another district even if it lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

In this case, there is no reason for the Court to do anything different than what it did in *DeBarros*. True, the defendant in *DeBarros* never filed an opposition to the *pro se* plaintiff's motion to transfer, and USCCB may yet lodge an opposing argument. But that should not compel a different result. Under *DeBarros* and all the law it cites, the only reason to choose dismissal over transfer is if that would better facilitate the speedy and efficient resolution of the case in the interest of justice. *See DeBarros*, 2019 WL 4888638, at *2.

Here, dismissal would accomplish nothing but waste and delay. USCCB does not contend—and, given the extensive sourcing of the allegations, it could not credibly argue—that the core of Mr. O'Connell's claims is so "fanciful or frivolous" that dismissal is warranted because that is the inevitable course of action any transferee court will take. *See DeBarros*, 2019 WL 4888638, at *2 (quoting *TargetSmart Holdings*, 366 F. Supp. 3d at 214). Rather, USCCB's argument is that "the judicial system's interest in obtaining the most effective resolution of the controversy [...] and the common interests of all sovereigns [...] will be served by having any claims against the USCCB based on the Peter's Pence Collection brought in the jurisdiction where USCCB is domiciled and headquartered, Washington, D.C." Memorandum [Doc. 7-1] at 18.

In other words, despite USCCB's reluctance to stipulate to the transfer Mr. O'Connell agrees is appropriate, USCCB recognizes that this case can and should

proceed in the District of Columbia, where it is inarguably subject to personal jurisdiction and where venue is admittedly proper. This supports transfer—not dismissal. *DeBarros*, 2019 WL 4888638, at *2.

### 3. The Court should transfer the case forthwith to DC

USCCB's unqualified recognition that this case could proceed forthwith in the District of Columbia supports its transfer to that forum. So does the law, and so does common sense. Accordingly, pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and 1631, and in the interests of justice, this Court should transfer this case to the United States District Court for the District of Columbia.

Respectfully submitted,

/s/ *Peter N. Wasylyk*
Peter N. Wasylyk
Rhode Island Bar No. 3351
pnwlaw@aol.com
**LAW OFFICES OF**
**PETER N. WASYLYK**
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401.831.7730
401.861.6064 (fax)

Marc R. Stanley
(*pro hac vice* forthcoming)
marcstanley@mac.com
Martin Woodward
(*pro hac vice* forthcoming)
mwoodward@stanleylawgroup.com
**STANLEY LAW GROUP**
6116 N. Central Expy., Suite 1500
Dallas, Texas 75206
214.443.4300
214.443.0358 (fax)

*Counsel for Plaintiff*
*and the proposed Class*

6

**Certificate of service**

I hereby certify that on February 26, 2020, a copy of this document was filed electronically on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

Robert K. Taylor, via email:         rtaylor@psh.com

Eugene G. Bernardo II, via email:    ebernardo@psh.com


　　　　　　　　　　　　　　　　　　　/s/ *Peter N. Wasylyk*
　　　　　　　　　　　　　　　　　　　Peter N. Wasylyk
　　　　　　　　　　　　　　　　　　　pnwlaw@aol.com