# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID O'CONNELL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,<br><br>      Defendant. | C.A. No. 20-cv-0031-WES-PAS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER VENUE, AND REPLY IN SUPPORT OF MOTION TO DISMISS

  Defendant United States Conference of Catholic Bishops ("USCCB"), through counsel, submits the following reply memorandum in support of its motion to dismiss for lack of personal jurisdiction and improper venue.

  Plaintiff does not contest that there is no personal jurisdiction over the USCCB in Rhode Island and that venue does not lie here. Plaintiff's opposition urges only that instead of dismissing, the Court should transfer this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1406(a) and 1631. Opposition at 5.[1]

  Both Section 1406(a) and Section 1631 involve consideration of whether a transfer is in the "interests of justice." This decision "depends in turn on whether 'the administration of justice would be better served by dismissal.'" *DeBarros v. Family Practice*

---

[1] Plaintiff's memorandum also references 28 U.S.C. § 1404(a). However, Section 1404(a) can only be invoked when the transferor court is a proper venue, and thus is not applicable here. *See* Wright, Miller, Cooper & Freer, 15 Federal Practice & Procedure § 3844 (4th ed. 2013) ("Transfer is possible under Section 1404(a) only if the transferor court is a proper venue[.]").

*Group, P.C.*, 2019 WL 4888638 *2 (D.R.I. Oct. 3, 2019) (quoting *Britell v. United States*, 318 F.3d 70, 74 (1st Cir. 2003)).

While a transfer is often appropriate, it is not automatic.  A court "must undertake case-specific scrutiny to ferret out instances in which the administration of justice would be better served by dismissal," and consider the "totality of the circumstance" based on a "whole-record review."  *Britell*, 318 F.2d at 74.  A case should not be transferred when transfer "would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system."  *Id*. (internal citations omitted).   If an action is "fanciful or frivolous, it is in the interest of justice to dismiss it." *Id*. at 75.

This is a case that should not be transferred.  The administration of justice will be far better served by dismissing the existing Complaint, with its inaccurate claims that the USCCB "solicited and collected" millions of dollars in Rhode Island (and elsewhere) for Peter's Pence.  Complaint ¶ 3.  Plaintiff has effectively conceded that the USCCB did not in fact solicit and collect millions of dollars in Rhode Island; he has acknowledged that the USCCB's motion to dismiss is "persuasive" and declined to contest the lack of personal jurisdiction in this district.  The record before the Court evidences that the USCCB does not conduct or oversee the Peter's Pence collection.  Ridderhoff Aff. ¶ 12.  It does not, and cannot, direct dioceses to participate.  *Id*. ¶ 11.  If requested by individual dioceses, the USCCB's National Collections office will provide standard bulletin inserts and other materials, nothing more.  *Id*.  Plaintiff's claims for disgorgement of hundreds of millions dollars allegedly "entrusted" to the USCCB, Complaint ¶ 5, are indeed so "fanciful" that dismissal is warranted.  *See Britell,* 318 F.3d at 75.

The USCCB is willing to give Plaintiff the benefit of the doubt that he was misinformed about the USCCB's limited activities relating to the Peter's Pence collection at the

time the Complaint was filed.  Now he knows better.  Should Plaintiff and his counsel wish to pursue Peter's Pence-related claims against the USCCB in the District of Columbia, a new complaint should be filed and signed in accordance with the good faith requirements of Fed. R. Civ. P. 11.  At this early stage of the litigation, Plaintiff will not be prejudiced if his case is dismissed without prejudice, as the burden of refiling elsewhere is minimal.  In contrast, it would unfairly benefit the Plaintiff, and unduly burden the USCCB and the judicial system, to require the USCCB to answer or otherwise respond by way of further preliminary motions to the manifestly fanciful claims pleaded by Plaintiff in the existing Complaint.  The interest of justice will be served by starting this case over, with a new complaint and amended claims, if Plaintiff believes that there is a good faith basis for any such claims.  Therefore, the case should not be transferred and should instead be dismissed.

        UNITED STATES CONFERENCE OF
        CATHOLIC BISHOPS

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP


        /s/ Robert K. Taylor
        Robert K. Taylor (#6514)
        Eugene G. Bernardo II (#6006)
        40 Westminster Street, Suite 1100
        Providence, RI  02903
        (401) 861-8200
        (401) 861-8210 FAX
        rtaylor@psh.com
        ebernardo@psh.com

DATED:  March 9, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 9, 2020.

                                       /s/ Robert K. Taylor

3791380.1