United States District Court
District of Rhode Island

| | | |
|---|---|---|
| David O'Connell, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case no. 1:20-cv-00031-WES-PAS |
| United States Conference of Catholic Bishops, | § § § | Class Action |
| Defendant. | § § | |

## Reply in Support of Plaintiff's Cross-Motion to Transfer Venue

USCCB does not present a single compelling reason to dismiss this case instead of simply transferring it to the District of Columbia. Offering no authority for dismissal over transfer, USCCB tries to find support from this Court's opinion in *DeBarros v. Family Practice Group, P.C.*, No. 19-367 WES, 2019 WL 4888638 (D.R.I. Oct. 3, 2019) and from *Britell v. U.S.*, 318 F.3d 70 (1st Cir. 2003). Response [Doc. 9] at 1-2. These soundly reasoned cases hold that transfer is preferred over dismissal; accordingly, there is a presumption in favor of transfer. *DeBarros*, 2019 WL 4888638, at *2; *Britell*, 318 F.3d at 75.

USCCB never rebuts the presumption. It ignores the holdings of *DeBarros* and *Brittel*, and instead focuses myopically on dicta describing conjectural circumstances that it fails to show are present here. *See* Response [Doc. 9] at 2 (quoting *Britell*, 318 F.3d at 74). For example, parroting a hypothetical from *Britell,* USCCB suggests that a transfer to the District of Columbia instead of dismissal "would unduly burden the USCCB and the judicial system," Response [Doc. 9] at 3. This is irreconcilable with its

earlier statement that "the judicial system's interest in obtaining the most effective resolution of the controversy […] and the common interests of all sovereigns […] will be served by having any claims against the USCCB based on the Peter's Pence Collection brought in the jurisdiction where USCCB is domiciled and headquartered, Washington, D.C." Memorandum [Doc. 7-1] at 18. USCCB's other conclusory arguments—that Mr. O'Connell would unfairly benefit from a transfer, and that his claims are "manifestly fanciful"—are similarly and grievously unsubstantiated. Response [Doc. 9] at 3.

Because the record supports the presumption in favor of transfer and USCCB does not come close to a rebuttal, the Court should grant Mr. O'Connell's request for transfer. This is inarguably more efficient than a dismissal, and it is also the more just result. Pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and 1631,[1] the Court should transfer this case to the United States District Court for the District of Columbia.

---

[1] Although Mr. O'Connell now requests a transfer to D.C., he donated to the Peter's Pence collection in Rhode Island in response to a USCCB solicitation in Rhode Island, as he alleges in his complaint. *See* Memorandum [Doc. 8-1] at 2 (citing Complaint [Doc. 1] ¶¶ 10-11, 7, 5, 34). Thus, while the Court's ability to transfer under 28 U.S.C. §§ 1406(a) and 1631 is undisputed, in the alternative it can also transfer under section 1404(a), notwithstanding USCCB's claim to the contrary (*see* Response [Doc. 9] at 1 n.1).

Respectfully submitted,

/s/ *Peter N. Wasylyk*
Peter N. Wasylyk
Rhode Island Bar No. 3351
pnwlaw@aol.com
**LAW OFFICES OF**
**PETER N. WASYLYK**
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401.831.7730
401.861.6064 (fax)

Marc R. Stanley
(*pro hac vice* forthcoming)
marcstanley@mac.com
Martin Woodward
(*pro hac vice* forthcoming)
mwoodward@stanleylawgroup.com
**STANLEY LAW GROUP**
6116 N. Central Expy., Suite 1500
Dallas, Texas 75206
214.443.4300
214.443.0358 (fax)

*Counsel for Plaintiff*
*and the proposed Class*

## Certificate of service

I hereby certify that on March 16, 2020, a copy of this document was filed electronically on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

Robert K. Taylor, via email:　　　　rtaylor@psh.com

Eugene G. Bernardo II, via email:　　ebernardo@psh.com

　　　　　　　　　　　　　　　　　　/s/ *Peter N. Wasylyk*
　　　　　　　　　　　　　　　　　　Peter N. Wasylyk
　　　　　　　　　　　　　　　　　　pnwlaw@aol.com