**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID O'CONNELL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-001365-JMC |
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, | |
| Defendant. | |

<u>**JOINT STATUS REPORT AND DISCOVERY PLAN**</u>

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.3(c), and this Court's Order of November 28, 2023, Plaintiff David O'Connell (Plaintiff) and Defendant United States Conference for Catholic Bishops (Defendant), submit the following Joint Status Report and Discovery Plan.  In exhibits 1 and 2, Plaintiff and Defendant have each submitted a Proposed Scheduling Order, consistent with their positions set forth below.  This report includes a succinct statement of all agreements reached and, where the parties could not agree, a succinct description of the parties' positions.  The parties are prepared to provide further briefing should the Court so request.

1.    <u>Likelihood of Disposition by Dispositive Motion</u>

**Plaintiff's Position**: Plaintiff does not believe that this case is likely to be disposed of by way of dispositive motion.

**Defendant's Position**: Defendant acknowledges that the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction and motion for judgment on the pleadings, and denied without prejudice Defendant's motion for summary judgment.  Defendant has appealed the Court's order on its motion to dismiss for lack of subject-matter jurisdiction and

motion for judgment on the pleadings, and notes that Defendant's motion for summary judgment may be renewed at a later date.

       2.     <u>Joinder, Amendment of Pleadings, and Narrowing of Issues</u>

The Court stated that the parties may "conduct discovery and then we can set a deadline for amending pleadings at the appropriate time."  11/17/23 Hr'g Tr. 15:1-5.  Accordingly, the parties have not included a deadline for amending pleadings in their proposed scheduling orders.

The parties agree that factual or legal issues may not be narrowed at this time.

       3.     <u>Assignment to Magistrate Judge</u>

The Parties do not agree to the assignment of a Magistrate Judge for all purposes.

       4.     <u>Possibility of Settlement</u>

The parties do not believe that there is a realistic possibility of settling the case at this time.

**Defendant's Position**: Defendant has asked Plaintiff for his estimated damages. Defendant's understanding is that Plaintiff will only settle on a class-wide basis.  Defendant is not willing to settle on a class-wide basis.

       5.     <u>Alternative Dispute Resolution</u>

The parties do not believe that the case would benefit from alternative dispute resolution at this time.

       6.     <u>Resolution by Summary Judgment or Motion to Dismiss</u>

**Plaintiff's position**: Plaintiff does not believe that the case can be resolved by motion for summary judgment or motion to dismiss.  Plaintiff's proposed schedule is set forth in exhibit 2.

**Defendant's Position**: Defendant acknowledges that the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction and motion for judgment on the

pleadings, and denied without prejudice Defendant's motion for summary judgment.  Defendant

has appealed the Court's order on its motion to dismiss for lack of subject-matter jurisdiction and

motion for judgment on the pleadings, and notes that Defendant's motion for summary judgment

may be renewed at a later date.

Defendant has proposed a deadline for filing a motion for summary judgment in its

proposed scheduling order.

7.   Initial Disclosures

The parties stipulate to extend the deadline to exchange initial disclosures until at least

January 24, 2024.

**Plaintiff's Position**: Plaintiff believes that the parties should proceed to exchange Rule

26(a)(1) initial disclosures on January 24, 2024.  Plaintiff does not believe that discovery should

be bifurcated, as explained further below.  In addition, Plaintiff contends that initial disclosures

are necessary regardless of whether discovery is bifurcated.

**Defendant's Position**: Defendant states that, because discovery should initially be

limited to issues relating to class certification, initial disclosures should be deferred until after the

class-certification decision.  *See infra* Pt. 13.  If the Court orders that discovery should not be

limited to issues relating to class-certification, Defendant agrees that initial disclosures should be

due January 24, 2024.

8.   Discovery

Plaintiff believes that discovery should not be bifurcated.  Defendant believes that class

certification and merits discovery should be bifurcated.  The Parties' positions on bifurcation are

set forth in section 13 below.  The parties' respective proposed schedules are included in exhibits

1 and 2.

The parties agree that a protective order is needed, will make best efforts to negotiate an agreed one, and will submit any disputes to the Court for resolution.  The parties have proposed deadlines for the submission of an agreed protective order and any related disputes.

**Defendant's Position**: Defendant's proposed schedule reflects a good-faith attempt at sequenced discovery, featuring precertification discovery, class certification briefing, merits discovery, and summary judgment briefing.  Defendant's proposed schedule also provides for expert disclosures and *Daubert* motion practice in connection with class-certification and summary-judgment briefing.  Defendant has based this proposed schedule on Plaintiffs' request for the production of documents dated July 6, 2020.  Defendant has requested additional information from Plaintiff concerning contemplated subjects of discovery, but Plaintiff has declined to provide that information.

9.     Preservation and Production of Documents and Electronically Stored Information ("ESI")

The parties discussed the preservation of ESI at the Rule 26(f) conference and have taken appropriate steps to ensure the preservation of ESI, including by suspending any applicable automatic deletion of potentially discoverable ESI.  The parties agree to make best efforts to negotiate an agreed ESI Order, and have proposed deadlines for the submission of an agreed ESI Order and any disputes to the Court.

10.    Claims of Privilege

Defendant claims a privilege for, at a minimum, internal Church communications.

The parties agree to make best efforts to negotiate an order under Federal Rule of Evidence 502, and have proposed a deadline for the submission of a proposed order under Federal Rule of Evidence 502 to the Court.

11.    Expert Discovery

4

The parties believe that the requirements for exchange of expert witness reports and information under Fed. R. Civ. P. 26(a)(2) should not be modified at this time.  The parties have proposed case schedules in exhibits 1 and 2.

**Plaintiff's Position**: Plaintiff believes that class certification expert reports should be exchanged together with class certification briefs and that Plaintiffs' motion for class certification and class-certification *Daubert* motions should be heard together, as is common practice. This will streamline the schedule and will allow the Parties and the Court to address these closely related issues together.

**Defendant's Position**: Defendant asserts that the schedule should sequence expert disclosures and depositions before *Daubert* motion practice, and *Daubert* motion practice before class-certification motion practice.  This will facilitate an orderly progression of discovery, as expert discovery will inform *Daubert* motion practice, and *Daubert* motion practice may inform class-certification motion practice.

12.    Class Actions

The parties disagree on whether discovery relating to class certification and to merits should be bifurcated.  *See infra* Pt. 13.  The parties have proposed case schedules in exhibits 1 and 2.

**Defendant's Position**: Defendant has included deadlines for class-related fact and expert discovery, and for class-certification motion practice, in its proposed schedule.  Defendant asserts that *Daubert* motion practice relating to class certification should precede class-certification motion practice, as the resolution of any *Daubert* motions may inform the parties' class-certification motion practice.

13.    Bifurcation

Plaintiff believes that discovery should not be bifurcated.  Defendant believes that class certification and merits discovery should be bifurcated.

**Plaintiff's Position**: Plaintiff agrees that class certification is a threshold issue that should be decided at an early stage. But, as explained below, bifurcating discovery is impractical, will prejudice Plaintiff, and will lead to disputes, inefficiencies, and delay. Accordingly, the Court should reject Defendant's proposal to bifurcate discovery. It should instead follow what other courts in this District have done in similar situations: refuse to formally bifurcate discovery, but set an early deadline for class certification briefing to focus the parties' initial efforts on certification issues.  *See, e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig*., 258 F.R.D. 167, 176 (D.D.C. 2009) (adopting this approach and collecting cases); *In re Domestic Airline Travel Antitrust Litig*., 2017 U.S. Dist. LEXIS 232974, at *25 (D.D.C. Jan. 30, 2017) (same).

In deciding whether to bifurcate discovery, "Courts must consider the degree to which the certification evidence is 'closely intertwined' with, and indistinguishable from, the merits evidence in determining whether bifurcation is appropriate." *In re Rail Freight Fuel Surcharge Antitrust Litig*., 258 F.R.D. 167, 173 (D.D.C. 2009).  "The Supreme Court had directed courts considering class certification motions to engage in a 'rigorous analysis' to determine whether Rule 23's prerequisites have been satisfied, an analysis that will frequently []overlap with the merits of plaintiff's underlying claim." *McEwan v. OSP Grp.*, L.P., 2016 U.S. Dist. LEXIS 42798, at *7 (S.D. Cal. Mar. 30, 2016) (emphasis added).  And indeed here, the evidence that Plaintiff needs to prove that common questions predominate is closely intertwined with and indistinguishable from the evidence Plaintiff needs to prove his underlying claim.

6

As set forth in the Complaint, Plaintiff claims that Defendant committed fraud by making material misrepresentations and omissions about how the Peter's Pence collection would be used when soliciting charitable contributions from Plaintiff and the putative class. *See* Complaint, Count I. Plaintiff also claims that Defendant breached its fiduciary duties by failing to ensure that the charitable contributions by Plaintiff and putative class members were spent in accordance with the promises it made. *See* Complaint, Count II.

To establish that common issues of law and fact predominate as to his fraud claims as required by Rule 23 (a class certification issue), Plaintiff will need evidence showing what representations about the Peter's Pence collection were made to Plaintiff and putative class members; whether those representations were false; and whether Defendant knew or should have known they were false. Plaintiff will also need evidence showing that Defendant is responsible for the representations at issue. This evidence will show that Defendant made substantially similar representations that were false in substantially the same way to putative class members, meaning that the key issue of whether Defendant made misrepresentations is a common, class-wide issue. And, this same evidence is precisely the evidence Plaintiff will need to establish that Defendant made actionable misrepresentations to Plaintiff and the putative class in the first place (a merits issue). *See, e.g.*, Complaint ¶¶18-25 (summarizing evidence).

Similarly, to establish that common issues of law and fact predominate as to his breach of fiduciary duty claims (a class certification issue), Plaintiff will need evidence showing what promises were made to putative class members about how the Peter's Pence Collection would be used; whether Defendant was responsible for making those promises and for collecting the Peter's Pence charitable contributions from putative class members; and whether Defendant failed to ensure that the funds it collected were used according to the promises that were made.

This evidence will show that Defendant breached its fiduciary duties to Plaintiff and the putative

class in substantially the same way, meaning that the key issues of whether Defendant owed the

putative class fiduciary duties and whether Defendant breached its fiduciary duties is a common

issue. And, this evidence is precisely the same evidence Plaintiff will need to establish that

Defendant owed and breached fiduciary duties Plaintiff and the putative class in the first place (a

merits issue).

      In short, in this case, "[d]iscovery relating to class certification is closely enmeshed with

merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues

of the litigation." *In re Rail Freight*, 258 F.R.D. at 175 (quoting *Gray v. First Winthrop Corp*.,

133 F.R.D. 39, 41 (N.D. Cal. 1990)). As a result, "bifurcating discovery risks prejudicing

plaintiff, who must meet a high burden to show certification of the class is proper." *Obertman v.

Electrolux Home Care Prods.*, 2020 U.S. Dist. LEXIS 107147, at *5 (E.D. Cal. June 17, 2020).

It will "create[] unnecessary gaps in the evidence as a defendant has a strong incentive to

withhold evidence even if such evidence 'overlap[s] with the merits of the plaintiff's underlying

claim'" *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2018 U.S. Dist. LEXIS 2286, at *8-9 (C.D. Cal.

Jan. 5, 2018). And, it will lead to unnecessary duplication of effort and burden on the parties and

witnesses, for example by requiring that many fact witnesses be deposed twice (once on class

certification and then again on issues related to merits).

      In addition, "Bifurcated discovery fails to promote judicial economy when it requires

'ongoing supervision of discovery.' If bifurcated, this Court would likely have to resolve various

needless disputes that would arise concerning the classification of each document as 'merits' or

'certification' discovery." *In re Rail Freight Fuel Surcharge Antitrust Litig*., 258 F.R.D. 167, 174

(D.D.C. 2009) (rejecting Defendant's proposal to bifurcate).  Here, the parties already have

disputes about whether discovery should be classified as "merits" or "certification" discovery, *see* §7 (parties dispute whether initial disclosures constitute "merits" or "certification" discovery), and—given how certification and merits issues are closely intertwined—will surely have many if discovery is bifurcated.  This will waste party and judicial resources and is a second independent reason to reject Defendant's proposal to bifurcate.  *Id*. (denying bifurcation and adopting proposal substantially similar to what Plaintiff proposes here for this reason among others); *Ahmed*, 2018 U.S. Dist. LEXIS 2286, at *8-9 (explaining that courts are "reluctant to bifurcate class-related discovery from discovery on the merits" for this reason); *see True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 U.S. Dist. LEXIS 7015, at *7 (N.D. Cal. Jan. 20, 2015) ("[T]he line between 'class certification discovery' on the one hand, and 'pure merits' discovery on the other, can be difficult to discern.").

Finally, bifurcation will result in a much more lengthy case schedule and, as a result, delay resolution or trial. Indeed, under Defendant's proposed schedule, trial would be delayed until Spring 2027 (over seven years after this case was filed). Under Plaintiff's schedule, trial could realistically proceed a year or more sooner.

Defendant argues that disputes over potential attempts by Defendant to claim privilege as to "internal Church communications" will result in motion practice and delay the Court's decision on class certification. But such disputes are likely to arise regardless; for example, *any* records of Defendant's collection, administration, accounting, or disposition of *any* donated funds—without which Plaintiff cannot show whether Defendant complied with its duties to ensure donor money was ultimately spent as Defendant represented to class members—could be subject to Defendant's anticipated "privilege" claims. Thus, resolving all such closely related disputes at once (instead of attempting to parse out only evidence unrelated to the "merits" and

then have the same dispute again over similar "merits" evidence) will preserve the resources of the Court and the parties. And, in any event, class certification will be decided months sooner under Plaintiff's proposal than under Defendant's.

Finally, Defendant argues that "it is a common practice to defer merits discovery in cases against religious bodies asserting First Amendment defenses." (citing *Collette v. Archdiocese of Chicago*, 200 F. Supp. 3d 730 (N.D. Ill. 2016); *Pardue v. Center City Consortium Schools of the Archdiocese of Washington, Inc., et al.*, 875 A.2d 669 (D.C. 2005)). But the cases it cites are not about bifurcating class discovery and merits discovery. Rather, in those cases, a First Amendment issue (different from the one here) turned on a disputed fact.  So, to allow the First Amendment issue to be decided first, those cases allowed limited discovery to proceed only on that issue.  That situation has nothing to do with the present situation, where Defendant's First Amendment issue turns on the pleadings not a disputed fact and has already been decided in Plaintiff's favor, and the dispute is about whether class and merits discovery should be bifurcated.

In sum, the Court should not bifurcate discovery. Following the common-sense approach of *In re Rail Freight* and *In re Domestic Airline Travel*, and the Court should instead set a case schedule through class certification, as Plaintiff proposes.

**Defendant's Position**: Defendant requests that this Court bifurcate discovery, with discovery prior to the deadline for Plaintiff's motion for class-certification limited to that issue.

This Court has discretion to order bifurcation of discovery.  In *Hubbard v. Potter*, for example, the court ordered bifurcation of discovery, and the assigned Magistrate Judge entertained discovery motions. 2007 WL 604949, *2 (D.D.C. Feb. 22, 2007) (directing limited discovery tailored to particular case).  In determining whether bifurcation is appropriate, "courts

consider the following factors: (1) expediency, meaning whether bifurcated discovery will aid

the court in making a timely determination on the class certification motion; (2) economy,

meaning 'the potential impact a grant or denial of certification would have upon the pending

litigation,' and whether the definition of the class would 'help determine the limits of discovery

on the merits;' and (3) severability, meaning whether class certification and merits issues are

closely enmeshed." *Ballard v. Kenan Advantage Grp., Inc.*, 2020 WL 4187815, at *1 (N.D.

Ohio July 20, 2020) (quoting 3 Newberg on Class Actions, § 7:17 (5th ed.)); *see also In re

Domestic Airline Travel Antitrust Litig.*, 2017 WL 11565592, * 4 (D.D.C. Jan. 30, 2017).

      Each of these factors favors bifurcation in this case.  First, bifurcation aids the court in

the timely determination of a class certification motion.  The parties agree that the class-

certification deadline should precede the summary-judgment deadline.  Although there may be

some overlap between merits and class-based discovery (*e.g.*, discovery relating to the typicality

of Plaintiff's claims), discovery into other subjects—*e.g.*, knowledge under Plaintiff's claim of

fraud—may be unnecessary to a determination of class certification under Fed. R. Civ. P. 23.

Spending party and judicial resources on that discovery will prolong the timeline before this

Court determines whether class-certification is appropriate.

      Plaintiff maintains that bifurcation would prolong discovery by a year or more, but there

is no basis for that assertion.  Plaintiff has not proposed any case deadlines beyond the class-

certification hearing.  And Plaintiff's proposed pre-certification fact-discovery period—as one

would expect, given the breadth of contemplated discovery—roughly doubles Defendant's in

duration.  The length of Defendant's proposed schedule is due in large part to the sequencing (as

is common) of fact discovery, expert discovery, *Daubert* motion practice, and class-certification

motion practice.  By contrast, Plaintiff's proposed schedule includes a lengthy fact discovery

period, following by near-contemporaneous expert disclosure, *Daubert*, and class-certification motion practice deadlines.  To facilitate an orderly case schedule, those deadlines would need to be extended and sequenced.

Second, bifurcation promotes economy.  That is because full merits discovery is likely to embroil the parties and Court in disputes over the scope of appropriate discovery.  As in any case, each party may have certain protected communications or work product.  And here, given the nature of the allegations and Defendant's status as a religious organization, there are additional privileges relating to documents or communications bearing on the First Amendment and matters of church governance.

This is not a theoretical concern.  Although Plaintiff has declined Defendant's request to provide information concerning proposed subjects of discovery beyond its first requests for production of documents dated July 6, 2020, those requests seek communications with the "Holy See, Vatican City, [and] Apostolic Nunciature."  RFP 19.  Defendant claims a privilege for, at a minimum, internal Church communications, and assertion of that privilege may well generate motion practice.  Motion practice relating to the assertion of a First Amendment privilege will (at a minimum) delay the class-certification decision.  Insofar as that request relates to the merits of Plaintiff's claims, bifurcation enables the parties to avoid disputes arising from the particular First Amendment issues at play in this case.

Plaintiff's only answer is to say that privilege disputes are likely to occur regardless of the scope of discovery.  But as a matter of efficiency, it is surely in the interest of the Court and parties to avoid disputes where possible.  And as a matter of fairness, and mindful of "the need to protect the rights of all parties"—both recognized considerations in the case law—it is likewise

appropriate to fashion discovery to avoid unnecessary disputes.  *In re Domestic Airline Travel Antitrust Litig.*, 2017 WL 11565592, * 4 (D.D.C. Jan. 30, 2017).

Given the risk of intruding on matters of church governance, it is a common practice to defer merits discovery in cases against religious bodies asserting First Amendment defenses. *See, e.g.*, *Collette v. Archdiocese of Chicago*, 200 F. Supp. 3d 730, 735 (N.D. Ill. 2016) (denying motion to dismiss, but limiting the scope of discovery to the "narrow" issue of the applicability of the "ministerial exception"); *Pardue v. Center City Consortium Schools of the Archdiocese of Washington, Inc., et al.*, 875 A.2d 669, 670-72 (D.C. 2005) (affirming order of Boasberg, J., barring suit under application of the "ministerial exception," following limited discovery only on that issue).[1]  Plaintiff dismisses these cases as involving threshold determination of First Amendment rights, which could obviate the need for further discovery.  But bifurcation was necessary in those cases because courts seek to fashion discovery in cases implicating the First Amendment to avoid intrusion into church governance.  The Supreme Court has frequently and recently "radiate[d] ... a spirit of freedom for religious organizations, an independence from secular control or manipulation."  *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 186 (2012) (citing *Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America*, 344 U.S. 94, 116 (1952)).  Recognizing that the "very process of inquiry" can "impinge on rights guaranteed by the Religion Clauses," *NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 502 (1979), courts enforce protections to avoid the entanglement created by a "protracted legal process pitting church and state as adversaries." *Rayburn v. Gen. Conference of Seventh-Day Adventists*, 772 F.2d 1164, 1171 (4th Cir. 1985).

---

[1] Although it is Defendant's position (as explained in its earlier dispositive motion) that the First Amendment bars this case from proceeding at all, Defendant acknowledges that this Court denied that motion.  That order has been noticed for appeal.

And that would be the result if church personnel and records here are "subject to subpoena, discovery, [and] the full panoply of legal process designed to probe the mind of the church." *Id.* And here, denial of Plaintiff's motion for class certification is likely to terminate the case—and, as in the above-captioned bifurcated matters, obviate any further discovery. Indeed, the sensitivity of merits discovery is a relevant consideration even outside the First Amendment context. In *Ballard*, a putative class action under the Fair Credit Reporting Act, the court recognized that the "avoidance of premature disclosure of sensitive" information supported bifurcating discovery. 2020 WL 4187815, at *2.

As mentioned, the case appears unlikely to proceed in the event that the putative class is not certified, because the individual plaintiff's damages are presumably *de minimis*. The Manual for Complex Litigation has recognized that in such cases, "discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden." Manual for Complex Litigation (Fourth) § 21.14 (2004). As a result, merits discovery risks the expenditure of resources on a claim unlikely to be pursued.

Third, as stated, although there may be overlap between merits and class-certification discovery, there are issues that do not require discovery before the class-certification question. Plaintiff asserts that discovery on the merits—for example, the elements of knowledge and falsity under Plaintiff's fraud claim—is required for this Court's class-certification determination, but nowhere explains why that is so. And more fundamentally, it is not the case (as Plaintiff suggests) that the prospect of discovery disputes forecloses bifurcation here. To the contrary, the *Hubbard* case involved a dispute concerning the appropriate scope of class-certification discovery following bifurcation. That dispute was resolved, and the case proceeded. And here, proceeding with merits and class-certification at the same time is likely to generate a

greater number of discovery disputes, because of the important First Amendment interests at stake.

Defendant's proposed schedule reflects bifurcation of class-related and merits discovery.

14.    Pretrial Conference

**Plaintiff's Position**: Plaintiff believes that the Court should set the date of the pretrial conference following its decision on Plaintiff's anticipated motion for class certification.

**Defendant's Position**: Defendant proposes a pretrial conference of February 15, 2027.

15.    Trial Date

The parties request that the Court set a trial date at the pretrial conference.

16.    Other Matters

**Plaintiff's Position**: Plaintiff believes that Defendant's attempt to appeal an interlocutory order is meritless and that the appeal will be summarily dismissed for lack of jurisdiction.

**Defendant's Position**: Defendant notes that it filed a Notice of Appeal on December 18, 2023.  The Court of Appeals issued an Order to Show Cause on December 22, 2023.  That order requires Defendant to provide the Court of Appeals with Defendant's basis for appellate jurisdiction.  Defendant will comply with that Order, and reserves the right to move to stay proceedings in this Court pending the resolution of the issues presented by the Order to Show Cause.


Dated: January 3, 2024                                  Respectfully submitted,


                                                       By: _Simon Franzini_

                                                       Simon Franzini (Cal. Bar No. 287631)*
                                                       simon@dovel.com
                                                       Jonas Jacobson (Cal. Bar No. 269912)*

jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Martin Woodward (admitted *pro hac vice*)
Texas Bar No. 00797693
martin@kitnerwoodward.com
KITNER WOODWARD PLLC
13101 Preston Road, Suite 110
Dallas, Texas 75240
Telephone: (214) 443-4300
Facsimile: (214) 443-4304

*Counsel for Plaintiff David O'Connell*


By: _Emmet T. Flood (with permission)_

Emmet T. Flood (D.C. Bar #448110)
Kevin T. Baine (D.C. Bar #238600)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C., 20024
(202) 434-5000
kbaine@wc.com
eflood@wc.com
*Counsel for Defendant United States*
*Conference of Catholic Bishops*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID O'CONNELL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, <br><br> Defendant. | Case No. 1:20-cv-001365-JMC |

## EXHIBIT 1

## [DEFENDANT'S PROPOSED] SCHEDULING ORDER

Upon consideration of the Parties' Joint Status Report and Discovery Plan filed on January 3, 2024, and having been fully apprised of the premises, it is hereby ORDERED that Defendant's proposed schedule is adopted as follows:

| Event | Deadline |
|---|---|
| February 15, 2024 | Proposed Protective Order, ESI Order, Rule 502 Order |
| April 15, 2024 | Party Document Productions re: Class Certification |
| June 15, 2024 | Fact Depositions re: Class Certification |
| August 1, 2024 | Expert Disclosures re: Class Certification |
| September 15, 2024 | Rebuttal Expert Disclosures re: Class Certification |
| October 15, 2024 | Completion of Fact and Expert Discovery re: Class Certification |
| November 15, 2024 | *Daubert* Motion(s) re: Class Certification |
| 45 Days after Motion is filed | Opposition to *Daubert* Motion re: Class Certification |
| 30 Days after Opposition is filed | Reply ISO *Daubert* Motion re: Class Certification |

| April 1, 2025 | Motion for Class Certification |
|---|---|
| 45 Days after Motion is filed | Opposition to Motion for Class Certification |
| 30 Days after Opposition is filed | Reply ISO Motion for Class Certification |
| 15 days after briefing is complete | Oral Argument/Evidentiary Hearing on Motion for Class Certification |
| August 15, 2025 | Commencement of Merits Discovery |
| September 1, 2025[2] | Initial Disclosures |
| December 15, 2025 | Close of Fact Discovery re: Merits |
| February 15, 2026 | Disclosure of Expert Reports re: Merits |
| April 1, 2026 | Disclosure of Rebuttal Expert Reports re: Merits |
| May 1, 2026 | Deadline for Expert Depositions re: Merits |
| May 1, 2026 | Close of Discovery |
| June 1, 2026 | *Daubert* Motion(s) re: Merits |
| 45 Days after Motion is filed | Opposition to *Daubert* Motion re: Merits |
| 30 Days after Opposition is filed | Reply ISO *Daubert* Motion re: Merits |
| September 15, 2026 | Motion(s) for Summary Judgment |
| 45 Days after Motion is filed | Opposition to Motion for Summary Judgment |
| 30 Days after Opposition is filed | Reply ISO Summary Judgment |
| February 15, 2027 | Pretrial Conference |
| 30-60 days after pretrial conference | Trial |

SO ORDERED.

Dated:


_____

JUDGE JIA M. COBB
U.S. District Court for the District of Columbia

---

[2] The parties stipulate that, if the Court orders that merits discovery should proceed alongside class certification discovery, initial disclosures should be due January 24, 2024.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID O'CONNELL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,<br><br>　　　　　　　Defendant. | Case No. 1:20-cv-001365-JMC |

**EXHIBIT 2**

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**

Upon consideration of the Parties' Joint Status Report and Discovery Plan filed on

January 3, 2024, the Court adopts the following schedule through class certification:

| Event | Deadline |
|---|---|
| Proposed Protective Order, ESI Order, Rule 502 Order | February 15, 2024 |
| Close of discovery re Class Certification issues | December 13, 2024 |
| Motion for Class Certification<br><br>Deadline to Serve Opening Expert reports re: Class Certification | February 17, 2025 |
| Opposition to Motion for Class Certification<br><br>Deadline to Serve Rebuttal Expert reports re: Class Certification | 45 Days after Motion is filed |
| Reply ISO Motion for Class Certification | 30 Days after Opposition is filed |
| Daubert Motion(s) re: Class Certification | 30 Days after Opposition is filed |
| Oral Argument/Evidentiary Hearing on Motion for Class Certification | 15 days after briefing is complete on motion for class certification and *Daubert* motions |

Following the Court's decision on class certification, the Parties are ORDERED to meet and confer regarding the remaining case schedule and file a supplemental Rule 26(f) report setting forth their proposed case schedule(s) within 14 days of the Court's order on class certification.

SO ORDERED.

Dated:

_____
JUDGE JIA M. COBB
U.S. District Court for the District of Columbia