**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID O'CONNELL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:20-cv-1365 (JMC) |
| v. | |
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, | |
| Defendant. | |

## <u>SCHEDULING ORDER</u>

**I.     DISCOVERY AND CASE DEADLINES**

Discovery in this case is bifurcated between class certification and merits discovery. It is

hereby **ORDERED** that the Parties shall adhere to the following deadlines concerning class

certification discovery:

| | |
|---|---|
| Proposed Protective Order, ESI Order, Rule 502 Order:[1] | August 14, 2026 |
| Close of Class Certification Discovery: | May 28, 2027 |
| Post-Discovery Status Report: | June 4, 2027 |
| Motion for Class Certification: | July 30, 2027 |
| Opposition to Motion for Class Certification: | October 28, 2027 |
| Reply ISO Motion for Class Certification: | December 3, 2027 |
| Daubert Motion(s) for Class Certification: | December 3, 2027 |

---

[1] The Parties may extend or adjust the deadlines for their Rule 26(a)(1) and (a)(2) disclosures by agreement, without seeking leave of the Court, so long as the new deadlines do not affect the close of discovery.

It is further **ORDERED** that the Parties shall appear in person in Courtroom 3 for an oral hearing on the motion for class certification on **December 16, 2027 at 10:30 AM**.

## II.    DISCOVERY REQUESTS AND DEPOSITIONS

The Parties will adhere to the Federal Rules of Civil Procedure's default discovery limitations unless the Parties agree, or the Court orders, otherwise.

## III.    PROTECTIVE ORDERS AND FILING UNDER SEAL

The Parties may not rely solely on confidential designations under a protective order to file documents under seal. Accordingly, all protective orders submitted to the Court for entry must specify that a party is required to file a motion seeking leave of the Court to file confidential materials under seal. The Court will not allow documents to be filed under seal by notice. Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential designation in discovery. Depending on the nature of the document at issue, the Court may require the moving party to file a redacted version of the document on the public docket.

## IV.    DISCOVERY DISPUTES

If, after conferring in good faith, the Parties are unable to resolve a discovery dispute, the Parties should file a joint motion on the docket captioned "Joint Motion Requesting Teleconference." The joint motion should provide a short description of the issue in dispute and each party's respective position (no more than two paragraphs per party), as well as provide at least three dates and times that the Parties are jointly available for an on-the-record telephone conference. If the dispute arises from specific requests for discovery, the Parties should file the

relevant discovery requests as attachments to their joint motion. The Parties should not call or email Chambers regarding any discovery disputes.

## V.      COMMUNICATIONS WITH CHAMBERS

The Parties are to communicate with the Court by motion, opposition, reply, or notice, including for requests to reschedule hearing dates.

## VI.      MEDIATION

The Court encourages the Parties to mediate their case with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office. If, at any point, the Parties desire to engage in mediation, the Parties should file a joint request captioned "Joint Motion for Mediation," and the Court will make the requested referral.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: August 5, 2026