**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID O'CONNELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,<br><br>Defendant. | Case No. 1:20-cv-001365-JMC |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and the Joint Status Report and Discovery Plan (ECF No. 57), Plaintiff David O'Connell and Defendant United States Conference of Catholic Bishops (together, the "Parties" and each individually, a "Party") request that this Court issue a protective order to protect the confidentiality of nonpublic information that they may need to disclose in connection with discovery in this action as follows:

**1.** This Protective Order ("Order") shall govern all information produced, formally or informally, in or related to the above-captioned litigation ("Action").

**2.** **Definition of Confidential Information.** The designation "Confidential" shall be limited to information that any producing party, including any third party, in good faith believes is:

a. information that derives independent economic value from not being generally known and is the subject of reasonable efforts to maintain its secrecy;

b. operational, research, development, or commercial information of a highly sensitive nature that a reasonably prudent businessperson or church official would not release to

the public in the ordinary course of business, and whose disclosure would likely cause proprietary, competitive, or economic harm;

c. is personal information or other nonpublic personal, personnel, financial, medical, or identifying contact information which, if disclosed, would create a risk of privacy, safety, identity theft, harassment or would be highly offensive to a reasonable person and is not of legitimate public concern; and

d. to the extent not included in the categories above, financial account numbers, Social Security information, taxpayer-identification numbers, birth dates, and minor names in court filings.

**3.** **Designation of Protected Information.** The designation of information as Confidential shall be performed in the following manner:

a. A producing Party may designate produced information as Confidential by placing on or affixing to a document containing protected information the phrase "CONFIDENTIAL" on each page of the document entitled to such designation (in such manner as will not interfere with the legibility thereof).

b. Personal information and financial account numbers shall be treated as Confidential, without requiring a designation by the producing party.

c. If information cannot practically be designated Confidential for whatever reason including, but not limited to, the format of the electronically stored information, the producing Party shall provide written notice of the designation of the information to the receiving Party.

d. Interrogatory answers or other responses to written discovery and information contained therein shall be designated as Confidential by means of a statement at the

conclusion of each answer specifying the information that is Confidential contained therein, or by another method that clearly indicates which portion of the answer or information is considered Confidential.

e. A designation that information is Confidential shall constitute a representation to the Court, made in good faith, that counsel believes that the information so designated constitutes Confidential information as defined in this Order. Upon notification that a document appears to be incorrectly designated, the producing Party shall review the designation and change the designation if it was made in error.

f. Mass or indiscriminate designations of information as Confidential are strictly prohibited. If it comes to a producing Party's attention that information it has designated as Confidential does not qualify for protection, the producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

g. If a producing Party inadvertently or unintentionally produces to a receiving Party any Confidential information without designating it as protected pursuant to subpart (a) above, the producing Party shall promptly give notice to the receiving Party in writing and thereafter the receiving Party shall treat the information as Confidential information. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

h. Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if: (i) it is already in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after disclosure as a result of publication not involving a violation of this Order, including through trial or

otherwise; (ii) it was known to the receiving Party prior to its disclosure, or was obtained by the receiving Party after disclosure from a source who obtained it lawfully and under no obligation of confidentiality to the producing Party; or (iii) it has been widely disseminated, whether within or outside an organization or entity.

**4. Right to Challenge Designation.** Nothing in this Order shall be construed in any way as a finding that information designated Confidential actually is Confidential information or that it necessarily should be sealed, redacted, or otherwise prevented from public access. Any Party may challenge a producing Party's designation of Confidential information at any point within 60 days of the receipt of the document.

a. A Party challenging a designation shall provide written notice to the producing Party stating the basis for its disagreement. The Parties shall attempt to resolve the challenge in good faith and shall confer directly through counsel within seven (7) days of the date of service of the notice. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the producing Party an opportunity to reconsider the designation or explain the basis for it.

b. If the Parties are unable to resolve the challenge, the challenging Party shall file and serve a motion to remove the Confidential designation within fourteen (14) days of the initial notice of challenge, or within seven (7) days of the Parties agreeing that the meet-and-confer process will not resolve the dispute, whichever is earlier, with the material retaining its Confidential status pending that motion.

c. The burden of persuasion in any such challenge proceeding shall be on the Party that made the Confidential designation.

d. Nothing in the foregoing provisions of this section [4] shall affect the obligations established by Part III of the Court's Scheduling Order dated August 5, 2026 or the power of a Court to extend deadlines for good cause and/or to order redaction rather than complete public disclosure of the affected document(s).

**5. <u>Access to Confidential Information</u>.** Information designated Confidential may be disclosed only to the following persons:

a. The Court;

b. The Parties' outside counsel and in-house counsel;

c. Non-attorney employees of a Party who are responsible for making decisions regarding the course of the Action and, if a Party is a natural person, the Party;

d. Experts, trial consultants, other consultants, or mock jurors retained by the Parties; provided, however, that prior to the disclosure of Confidential information to any such expert or consultant, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e. Stenographic and video reporters engaged in proceedings incident to this matter;

f. Discovery consultants, processors and vendors, outside document copying services, document coding or computerization services, demonstrative exhibit vendors, and jury consultants; provided, however, that prior to the disclosure of a producing Party's Confidential information to a representative for any such persons, counsel for the Party making the disclosure shall deliver a copy of this Order to the representative, shall explain its terms to the representative, and shall secure the signature of the representative on a statement in the form attached hereto as Exhibit A;

g. Associated personnel of any person within categories (a) through (f) for whom access to Confidential information is necessary to assist such persons in the Action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, and principals and employees of the firm with which consultants or experts are associated;

h. Any person known to have created or received the Confidential information outside of discovery;

i. During depositions and preparation for depositions, any deponent and the deponent's counsel; and

j. Such other persons as the Parties mutually agree upon in writing and in advance of access by such persons; provided, however, that prior to the disclosure of Confidential information to any such persons, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

**6. Use of Confidential Information.** Information designated as Confidential may be used solely for purposes of pretrial preparation and proceedings in this Action, trial of this Action, and any appellate proceedings in this Action. Such Confidential information shall be used for no other purpose unless and until agreed to in writing by the Parties or authorized by order of the Court. No person who receives any Confidential information shall disclose it to any person for any purpose other than for pretrial preparation and proceedings in this Action.

**7. Transcripts.** During any deposition in which Confidential information is discussed, counsel for any Party or third party may: (a) designate, on the record, the portions of the transcript

that will contain Confidential information, in which case the portions of the deposition so designated on the record shall be treated as Confidential information; or (b) designate in writing to counsel for all Parties, within thirty (30) days of the transcript's delivery, the transcript portions which are to be treated as Confidential information. All deposition transcripts will be considered as Confidential information until the notice set forth above or until the expiration of thirty (30) days from the transcript's delivery.

**8. Filing Under Seal.** Without written permission from the producing Party or a Court order secured after appropriate notice to all interested persons, a Party may not file Confidential information in the public record in this Action. A Party seeking to file such information shall file the information provisionally under seal, in compliance with Local Rule 5.1(h) and the requirements of Part III of the Court's Scheduling Order dated August 5, 2026. This Order hereby grants the Parties leave to file such properly designated Confidential Information under seal, subject to Local Rule 5.1(h) and the Court's Scheduling Order. To the extent that such material was originally submitted by a Non-Party, the Party including the materials in its papers shall immediately notify the submitter of such inclusion. Confidential information contained in the papers shall continue to be maintained under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential information pursuant to Paragraphs 6 and 7. Upon or after filing any paper containing Confidential information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Confidential information. Further, if the protection for any such material expires, a Party may file on the public record a duplicate copy that also contains the formerly protected material. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential information under seal.

**9.** **Use of Confidential Information in Open Court.** Confidential information may be used or offered into evidence by any Party ("Disclosing Party") at trial or any hearing held in open court associated with this Action, provided that: (i) prior to the use of any such Confidential information at trial or any hearing, counsel for the Disclosing Party shall meet and confer in good faith with the producing Party, together with any other Party who has expressed interest in participating in such meet and confer, to discuss ways to redact the Confidential information so that it may be offered or otherwise used by any Party, in accordance with the provisions of the Federal Rules and the Federal Rules of Evidence, and (ii) if the Parties are unable to resolve a dispute related to such Confidential information, reasonable advance notice shall be given to permit the producing party to request additional protections or relief from the Court. Within ten (10) days of the Parties' exchange of exhibit lists, the producing Party shall review the designation and determine whether it wishes to de-designate the material.

**10.** **Use of Confidential or Highly Confidential Material with Artificial Intelligence.** No Party or authorized recipient may input, upload, or submit Confidential information into any artificial intelligence platform, including any generative, analytical, agentic, or large language model-based tool ("AI"), unless the AI provider and its sub-processors are contractually prohibited from: (1) storing, retaining, logging, or using inputs to train or improve its model or any derivative model; (2) accessing the hosted data for any purpose other than supporting the platform's functionality; and (3) disclosing inputs or outputs to any third party except where such disclosure is essential to facilitating delivery of the service. If disclosure to a third party is essential to the AI service, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all Confidential information within 60 days of request

(e.g., at the end of the litigation). A Party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections. For avoidance of doubt, any output or result generated by a permissible generative artificial intelligence tool that contains, reflects, incorporates, or is derived from Confidential information will be deemed attorney work product. The attorney-work-product protections set forth in this Paragraph include any prompts, queries, instructions, inputs, outputs, logs, model or tool settings, and similar materials created by or for a Party, its counsel, any litigation support vendor or consultant, or any Expert in connection with this Action, including such materials used in connection with the work of any Expert. Nothing in this Paragraph limits any disclosure required by Rule 26(a)(2) or the Court's authority to order disclosure for good cause.

**11. Data Breaches or Other Unauthorized Disclosures of Designated Material.** In the event a Party becomes aware of or reasonably suspects any data breach, security incident, or other event that results in potential unauthorized access, use, disclosure, exfiltration or copying of Confidential information in its possession by a third party (a "Breach"), that Party shall promptly provide written notice within three (3) business days after discovery of the Breach to the producing Party. Notice shall include, to the extent known at the time (and supplemented as information becomes available): (i) the nature, circumstances, date, and discovery date of the Breach; (ii) identification of the Confidential information involved, and copies upon request; (iii) the identity of any responsible entity or individual and any unauthorized recipient(s) of the Confidential information; (iv) measures taken or planned to investigate, contain, remediate, mitigate, and prevent recurrence; and (v) such other information as the producing Party may reasonably request. The Parties shall cooperate in good faith in investigating the Breach and in complying with any

applicable legal obligations. Nothing in this provision waives any rights or remedies available to the producing Party at law or in equity.

**12.** **Modification Permitted.** Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**13.** **No Waiver of Privilege or Protection.** The production of privileged or work-product protected documents, ESI, or other information whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. It is the intent of the Parties to provide the maximum protection allowed by Federal Rule of Evidence 502(d) to their productions. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of any documents. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

a. If a producing Party has produced information subject to an assertion of protection or privilege, whether inadvertent or otherwise, the producing Party shall, based on the time of the discovery of the production, promptly make a written request for the return of such information. The information for which a claim of production is made (including any analyses, memoranda or notes which were internally generated based upon such produced information), as well as all copies, shall be either destroyed, sequestered, or returned immediately to the producing Party. Following notice by the producing Party, the receiving Party: (i) must not use or disclose the potentially privileged or protected material until any dispute over the privilege or protection is resolved by the Court; and (ii) must take reasonable steps to retrieve the potentially

privileged or protected material if the Party disclosed it before being notified. The burden of persuasion shall be on the Party asserting the claim of privilege or other protection to show that the information is privileged or otherwise protected.

b. If a receiving Party discovers a document, or part thereof, produced by another Party that it believes may be privileged or otherwise protected, the receiving Party shall promptly notify the producing Party. The producing Party shall then follow the procedures outlined above in paragraph 13.a. Material is not presumed to be privileged or protected and the receiving Party is not obligated to perform the notification requirements of this paragraph solely because material contains a legend such as "attorney-client privilege," "attorney work product," "privileged," or another similar privilege assertion in the header, footer, signature block, or elsewhere in the material and does not contain any other indicia of privilege.

**14. Protected Material Subject to Subpoena or Other Court Order.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information designated in this action as Confidential, that Party must:

a. promptly notify the producing Party in writing and include a copy of the subpoena or court order;

b. promptly send the producing Party a copy of this Order and notify in writing the Party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the producing Party whose Confidential information may be affected. If the producing Party timely seeks a protective order, the Party served with the subpoena or court order

shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's permission. The producing Party shall bear the burden and expense of seeking protection of its Confidential Information in that court.

**15.** **Third-Party Information**. Discovery in this proceeding may involve disclosure by a third party of Confidential information. At the option of a third party, such information may be produced subject to the provisions of this Order and, in that event, shall provide the third party with all of the rights and obligations of a Party as created by this Order with respect to Confidential information produced by such third party in connection with the discovery and pre-trial phase of this action.

**16.** **Termination**. Within 60 days of the final non-appealable order terminating this action, all documents designated by a producing Party as "Confidential," all copies of such documents, and all extracts and/or data taken from such documents with the exception of any archived materials and attorney work product with embedded Confidential information shall be destroyed or returned to the producing Party. Attorneys may retain a set of pleadings and documents filed with the Court, written discovery or other pleadings served by either Party on the other Party, all transcripts, all correspondence, all consultant or expert reports, and all work product generated in connection with the action. All Confidential information retained for any reason will continue to be subject to this Order.

**17.** **Term**. The confidentiality obligations imposed by this Order shall remain in effect until the later of (i) dismissal of all claims and defenses in this action, with or without prejudice, plus 60 days; or (ii) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or

applications for extension of time under applicable law, plus 60 days. For good cause, a producing Party may move the Court for an extension of this Order. This Order otherwise survives termination of this action to the extent necessary to enforce obligations that arose during its term.

**18. Miscellaneous.**

a. Nothing in this Order shall prevent a Party or third party from any use of its own Confidential information, although a document may lose confidential status if made public by the Party or third party formerly claiming confidentiality.

b. The Parties may agree to waive any provision of this Order, provided such waiver is made in writing.

c. Proper notice under this Order, when required, shall be effected by letter or email.

**19. Counterparts.** This Order may be signed in counterpart, and each such counterpart shall be deemed an original.

**20. Jurisdiction.** This Order is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Order is the United States District Court for the District of Columbia. For purposes of construing this Order, this Order shall be deemed to have been drafted by all Parties to this Order and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

**21. Entire Agreement.** This Order constitutes the entire agreement of the Parties and supersedes all prior communications, understandings and agreements relating to the subject matter hereof, whether oral or written.

It is so ORDERED.

DATED: ____________ ______________________________________

JUDGE JIA M. COBB
U.S. District Court for the District of Columbia

**STIPULATED AND AGREED TO**

By: /s/ *Martin Woodward*
(with permission)

Simon Franzini
(Cal. Bar No. 287631)*
simon@dovel.com
Jonas Jacobson
(Cal. Bar No. 269912)*
jonas@dovel.com
DOVEL LUNER, LLP
201 Santa Monica Blvd.,
Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Martin Woodward (admitted *pro hac vice*) Texas Bar No. 00797693
martin@kitnerwoodward.com
KITNER WOODWARD PLLC
13101 Preston Road, Suite 110
Dallas, Texas 75240
Telephone: (214) 443-4300
Facsimile: (214) 443-4304

*Counsel for Plaintiff David O'Connell*

By: /s/ *Emmet T. Flood*

Emmet T. Flood
(D.C. Bar #448110)
Kevin T. Baine
(D.C. Bar #238600)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C., 20024
(202) 434-5000
kbaine@wc.com
eflood@wc.com

*Counsel for Defendant United States Conference of Catholic Bishops*

## EXHIBIT A

**Acknowledgment and Agreement to Be Bound**

I, ______________________________ [full name], of _________________________ [city and state], declare under penalty of perjury that I have read in its entirety and understand the [Proposed] Protective Order ("Order") that was issued by the United States District Court for the District of Columbia on _________ [date] in this action. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential information that is subject to this Order to any person or entity except in strict compliance with its provisions. I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcing this Order.

Date: ______________________________________

City and State where sworn and signed: __________________________________

Printed name: ________________________________

Signature: ___________________________________